UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
RHODE ISLAND

Seandell Forman )
34 Crossman Street )
Central Falls, RI 02863 )
   Plaintiff )
 )           Case No._____
   vs. )
 )           COMPLAINT
RADIUS GLOBAL SOLUTIONS, LLC )
7831 Glenroy Road, Suite 250 )           Jury Trial Requested
Edina, MN 55439 )
   Defendant )
 )

---

## COMPLAINT

   Plaintiff, Seandell Forman, of 34 Crossman Street, Central Falls, Rhode Island 02863 email seandell_forman@yahoo.com, hereby sues Defendant, RADIUS GLOBAL SOLUTIONS, LLC, of 7831 Glenroy Road, Suite 250, Edina, Minnesota 55439 for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692, the Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9

### PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692e(2)(A), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692e(10), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692f(1), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692g(a)(3), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692g(a)(4), Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692g(a)(5), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-7(b)(1), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-7(j), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-8(a), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-9(1)(c), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-9(1)(d), Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-9(1)(e).

2. Upon belief and information, Plaintiff contends that these practices are widespread and common action of the Defendant. Plaintiff intends to propound discovery to Defendant in order to identify these other individuals who have suffered similar violations.

3. Plaintiff contends that the collection company Defendant has violated such laws by using false representation in communication with Plaintiff in attempts to collect alleged but nonexistent debt.

1

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 15 USC § 1692k and Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-13. The Court has supplemental jurisdiction over state law claims.

5. Venue is proper in this District pursuant to 28 USC § 1391(b)(2). Venue is proper in this District in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

6. This is an action for damages.

7. Plaintiff, Seandell Forman, is a natural person and is a resident of Rhode Island.

8. Defendant, RADIUS GLOBAL SOLUTIONS, LLC, is a Minnesota Corporation, authorized to do business in Rhode Island.

9. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

10. Plaintiff has no prior business dealings with the Defendant.

11. On or about July 10, 2023 Plaintiff contacted DISCOVER Bank in reference to an alleged debt that was found on Plaintiff's credit report. Plaintiff requested an itemized bill from the beginning of time on the account. DISCOVER claimed the account was in collections with the Defendant, and such request needed to go thru the Defendant. Plaintiff made the request for the itemized bill from the beginning of time on the account to the Defendant.

12. On July 12, 2023 Defendant caused to be mailed to Plaintiff the request including a demand for payment alleging a balance of $12,825.00. Defendant advised Plaintiff that pursuant to the Fair Debt Collection Practices Act that they are now authorized to resume collection efforts on the alleged debt.

13. The Defendant's July 12, 2023 correspondence failed to include the proper written notice in accordance with 15 USC § 1692g(a)(3), 15 USC § 1692g(a)(4), and 15 USC § 1692g(a)(5).

14. On August 8, 2023, after reviewing all the information contained in the above referenced mailing by Defendant, Plaintiff caused to be mailed by Certified Mail Green Return Receipt to Defendant a Notice Of Dispute And Intent To Sue based on violations of the Fair Debt Collection Practices Act.

15. Defendant signed for the Certified Mail on August 16, 2023, and chose to ignore the Notice, which requested that they respond in 5 business days.

16. Plaintiff reached out to Defendant in an act of good faith on August 25, 2023 to discuss potential resolution of the pending lawsuit. Defendant claimed that the alleged account was closed, and recalled by DISCOVER Bank on August 23, 2023. Plaintiff informed Defendant that even if that was the case that it did not relieve them of liability for violating the Plaintiff's rights under the Fair Debt Collection Practices Act.

17. Plaintiff is in possession of evidence that was supplied by the Defendant showing that the alleged debt was actually paid off in May of 2020, and that their July 12, 2023 attempt to collect the alleged debt was a false and misleading representation. The Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debt.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC § 1692
## BY DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC

18. Plaintiff alleges and incorporates the information in paragraphs 1 through 17.

19. Plaintiff is a consumer within the meaning of the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692a(3).

20. Defendant RADIUS GLOBAL SOLUTIONS, LLC is a debt collector within the meaning of the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692a(6).

21. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated the Fair Debt Collection Practices Act (FDCPA), Defendant's violations include, but are not limited to, the following:

    a. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated 15 USC §1692e(2)(A) by making false representation of the character, amount, or legal status of the alleged debt.

    b. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated 15 USC § 1692e(10) by using false representation or deceptive means to collect or attempt to collect the alleged debt.

    c. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated 15 USC § 1692f(1) by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

    d. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated 15 USC § 1692g(3) by not sending written notice including the statement required under subsection §1692g(3) after the initial communication with the Plaintiff.

    e. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated 15 USC § 1692g(4) by not sending written notice including the statement required under subsection §1692g(4) after the initial communication with the Plaintiff.

    f. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated 15 USC § 1692g(5) by not sending written notice including the statement required under subsection §1692g(5) after the initial communication with the Plaintiff.

WHEREFORE, Plaintiff demands judgment for damages against Defendant RADIUS GLOBAL SOLUTIONS, LLC for actual and/or statutory damages, and punitive damages, and costs, and attorney fees, pursuant to the Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692k.

## COUNT II
## VIOLATION OF RHODE ISLAND FAIR DEBT COLLECTION PRACTICES ACT (RIFDCPA) § 19-14.9 BY DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC

22. Plaintiff alleges and incorporates the information in paragraphs 1 through 17.

23. Plaintiff is a consumer within the meaning of the Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-3(1).

24. Defendant is a debt collector within the meaning of the Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-3(5).

25. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated the Rhode Island Fair Debt Collection Practices Act (RIFDCPA), Defendant's violations include, but are not limited to, the following:

    a. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-7(b)(1) by making false representation of the character, amount, or legal status of the alleged debt.

    b. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-7(j) by using false representation or deceptive means to collect or attempt to collect the alleged debt.

    c. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-8(a) by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

    d. Defendant RADIUS GLOBAL SOLUTIONS, LLC violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-9(1)(c) by not sending written notice including the statement required under subsection § 19-14.9-9(1)(c) after the initial communication with the Plaintiff.

e.  Defendant RADIUS GLOBAL SOLUTIONS, LLC violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-9(1)(d) by not sending written notice including the statement required under subsection § 19-14.9-9(1)(d) after the initial communication with the Plaintiff.

f.  Defendant RADIUS GLOBAL SOLUTIONS, LLC violated Rhode Island Fair Debt Collection Practices Act (RIFDCPA) §19-14.9-9(1)(e) by not sending written notice including the statement required under subsection § 19-14.9-9(1)(e) after the initial communication with the Plaintiff.

WHEREFORE, Plaintiff demands judgment for damages against Defendant RADIUS GLOBAL SOLUTIONS, LLC for actual and/or statutory damages, and punitive damages, and costs, and attorney fees, pursuant to the Rhode Island Fair Debt Collection Practices Act (RIFDCPA) § 19-14.9-13.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: September 22, 2023

In Good Faith,

_____
Seandell Forman
C\o 34 Crossman Street
Central Falls, Rhode Island 02863
919-793-8675